UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:11-cr-00227-JAW |
| | ) | |
| LEVELL L. MATTHEWS | ) | |

**ORDER ON DEFENDANT'S MOTION IN LIMINE TO EXCLUDE BAD ACTS EVIDENCE**

Facing trial next week, Levell Matthews moves in limine to exclude evidence of bad acts under Rule 404(b). *Def. Levell Matthews' Mot. to Exclude Bad Acts Evid.* (ECF No. 97). Specifically, he does not want the Government's witness, Renee Weeks, to say that he is a "known drug dealer" since she has only "assumed" this assertion and has no direct evidence that her characterization is true. *Id.* at 1-2. Furthermore, even if she could establish a basis for her characterization, Mr. Matthews still objects because the evidence would serve "only to prove bad character and is unfairly prejudicial." *Id.* at 2. More generally, Mr. Matthews objects to her testifying that he "otherwise deals drugs." *Id.* at 3.

To the "known drug dealer" concern, the Government responds that it has "no intention of seeking testimony in those words from Ms. Weeks on direct examination in its case-in-chief." *Gov't's Resp. to Def.'s Mot. in Limine to Exclude Bad Acts Evid.* at 1 (ECF No. 100). The Government notes, however, that Ms. Weeks is expected to testify that "she was promised crack cocaine in return for helping Defendant and the other male conspirator at Frati's Pawn Shop." *Id.* It contends that this evidence is "part of the conspiracy and should not be excluded."

*Id.* Furthermore, the Government observes that "it is possible that Defendant's cross-examination of Ms. Weeks could elicit just such testimony in the form of a truthful response to a question." *Id.* The Government urges the Court to await developments at trial before finally ruling on the admissibility of Ms. Weeks' statement. *Id.* at 1-2.

Based on the parties' agreement, the Court GRANTS in part and DENIES in part the Defendant Levell Matthews' Motion to Exclude Bad Acts Evidence (ECF No. 97). The Court GRANTS the motion to the extent it seeks an Order prohibiting Renee Weeks, the Government's witness, from testifying on direct examination during the Government's case-in-chief that Mr. Matthews was a "known drug dealer." The Court otherwise DENIES the motion since the admissibility of the testimony must await trial developments. The Court allows Ms. Weeks to explain that she agreed to purchase firearms in exchange for a promise of crack cocaine.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 21st day of September, 2012